UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

GARY L. HABERMAN,

        Plaintiff,    CIVIL NO.: _____

v.

                              **COMPLAINT**

PORTFOLIO RECOVERY ASSOCIATES, LLC.,
                            **JURY TRIAL DEMANDED**
        Defendant.
_____

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## **PARTIES**

4. Plaintiff Gary L. Haberman (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant"), is a collection agency operating from an address of 120 Corporate Boulevard,

Norfolk, Virginia 23502 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to March 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. Upon information and belief, on or about February 2010, Plaintiff received a telephone call from a Defendant's debt collection agent in an attempt to collect a debt.

9. Plaintiff informed Defendant's agent that Plaintiff was willing to cooperate and arrange a payment plan for the alleged debt. Plaintiff's only request was to receive a written agreement prior to authorizing payments out of Plaintiff's checking account. Defendant's debt collection agent refused to provide any written agreement prior to Plaintiff providing his bank account information.

10. Defendant's debt collection agent was not only demanding payment from Plaintiff, he was also screaming, yelling and threatening Plaintiff. The agent yelled, "You must give us your account information, there is no other way!"

11. Plaintiff spoke with several of Defendant's debt collection agents on separate occasions regarding setting up a payment plan, unfortunately all of the agents

refused to provide Plaintiff with a letter or e-mail outlining the agreement, prior to authorizing payments out of Plaintiff's checking account.

12. On more than one occasion Defendant's debt collection agents were rude, abusive and disrespectful to Plaintiff. Plaintiff was also called a "deadbeat" by a Defendant's debt collection agent.

13. The conduct of Defendant in using any conduct the natural consequence of which is to harass, oppress, or abuse any person and using profane language or other abusive language is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2) and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

17. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

18. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

20. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

26. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

27. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: July 29, 2010

s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220